■ JACK GRANT et al., Appellants, v. BURTON BELSKY, Respondent.— Judgment entered May 29, 1969, in favor of defendant after trial without a jury, affirmed, with $50 costs and disbursements to respondent. A threshold difficulty is encountered in evaluating the court's decision awarding defendant judgment. Unfortunately, the record is barren of any opening statement detailing the issues to be tried. Counsel did not request findings (CPLR 4213, subd. [a]), and the Trial Justice did not define the issues in his decision. It is ascertained, however, from the entire record that this accounting action is based on the existence of alleged fiduciary duty, owed by defendant to plaintiffs, flowing from their joint venture. The dissent sneaks in terms of defendant's failure to come forward, hinting that he might be able to do so, with proof that he had breached no duty of trust, but, if one thing is clear from the trial court's opinion, it is that, based on judgments of credibility, plaintiffs never proved the existence of any such duty, and, even assuming that sufficient was adduced to call for a finding of fiduciary relationship, there was no fraud practiced and no concealment, and there was full knowledge, actual or constructive, on plaintiffs' part of everything that went on in this one prolonged joint venture. Certain questions of fact implicit in this case demonstrate that credibility judgments played a vital part in the decision: e.g., whether plaintiff Shapiro ever told coplaintiff Grant of Shapiro's withdrawal of a substantial sum; e.g., the conclusion to be drawn from the fact that all three parties and the venture itself shared the same firm of accountants who were kept au courant with everything that transpired as it happened; e.g., the significance to be found in the fact that defendant's own family bore a substantial portion of the joint venture's loss; e.g., defendant's advance knowledge, or lack thereof, of the condition of All State Credit Corporation, a borrower of venture funds. While, as has been indicated, a reviewing court would have been better served by specific findings on these and other questions, those findings are apparent in the decision.

The Trial Justice saw and heard the witnesses, and his view of their credibility should not be questioned in the circumstances here found. Concur — Stevens, P. J., Eager and Markewich, JJ.; Capozzoli and Nunez, JJ., dissent in the following memorandum by Nunez, J.: I dissent and vote to: (1) reverse and dismiss the first cause of action except as it relates to the charge of imprudent renewal of the loan to All State Credit Corporation; (2) dismiss the second cause of action except for the claim of secret profits and an accounting for moneys in that category obtained through the use of the joint venture property and not falling within the purview of the Burton Belsky Special account; and (3) dismiss the third cause of action and defendant's counterclaim. To the extent not dismissed the action should be severed and a new trial granted. In my view of the record the defendant has not exonerated himself from liability for possible breaches of fiduciary duties owed to the plaintiffs. While it is true that plaintiffs were businessmen who engaged in this venture with their eyes open, fully cognizant of the risks, yet defendant as a managing coventurer owed undivided loyalty to the plaintiffs, his coventurers. (*Meinhard* v. *Salmon*, 249 N. Y. 458, 468.) The thrust of plaintiffs' complaint is that after the venture had been in effect for two years, All State Credit Corporation was in serious financial difficulties; that the defendant, as a director of All State knew of such financial difficulties; that despite such knowledge he renewed the investment in All State in violation of his duties as trustee and fiduciary. Defendant was required to exercise prudence and caution in making investments on behalf of the joint venture (3 Scott, Trusts [3d ed. 1967], § 227, p. 1806) and in the continuation of these investments (§ 231, p. 1881). His duty was to exercise reasonable care and skill which may be greater than a prudent man would use in dealing with his own property (2 Scott, Trusts [3d ed.], § 174, p. 1408). I feel that sufficient evidence was adduced by the plaintiffs with regard to their claim of imprudent investments, payments made by All State to members of defendant's family and withdrawal by plaintiff Shapiro of $50,000 without knowledge or notice to plaintiff Grant, to switch the burden of going forward to the defendant. The defendant should be required to vindicate the propriety and prudence of the challenged conduct. The defendant cannot be said on this record to have vindicated himself. His pleas of ignorance as to the character of the payments from All State to members of his family, together with his speculation that such payments may have been in lieu of a commission to him call for additional clarification. Plaintiffs' evidence indicates that defendant had advance knowledge of All State's precarious financial condition in view of his directorship in All State, which ended well after the technical defaults suffered by All State on loans made by institutional investors. Defendant's failure to go forward after the plaintiffs had adduced the facts found in the record mandates a new trial at which defendant can explain how and why he had no knowledge of the financial ills of All State that resulted in its bankruptcy, knowledge that this record suggests he should have had before renewing the venture's investment. He may also very well be able to vindicate himself with regard to the money paid by All State to members of his family and his entire course of conduct.